**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 29 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PAUL L. GUIDRY, | No. 13-15597 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-05347-CRB |
| v. | |
| MARINE ENGINEERS' BENEFICIAL ASSOCIATION, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, Senior District Judge, Presiding

Argued and Submitted September 15, 2015
San Francisco, California

Before: W. FLETCHER, BERZON, and BEA, Circuit Judges.

Paul Guidry appeals the district court's grant of summary judgment to the

Marine Engineers' Beneficial Association ("MEBA"). We review the grant of

summary judgment de novo, and we affirm. *McGinest v. GTE Serv. Corp.*, 360

F.3d 1103, 1112 (9th Cir. 2004).

---

       \*     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Guidry submitted no evidence that MEBA was complicit in the delay of Guidry's Brazilian work visa or that MEBA took part in any alleged discrimination on the part of Guidry's prospective employer, OSG Ship Management, Inc. ("OSG").  Nor did Guidry submit any legal authority or evidence that makes MEBA vicariously liable for any alleged discrimination perpetrated by OSG or the Brazilian government.  Therefore, there is no issue of triable fact as to Guidry's Title VII claim against MEBA.

To make out a claim that MEBA breached its duty of fair representation to Guidry, Guidry must submit evidence that MEBA's "conduct toward [him] . . . [wa]s arbitrary, discriminatory, or in bad faith.  Conduct can be classified as arbitrary only when it is irrational, when it is without a rational basis or explanation."  *Beck v. United Food & Commercial Workers Union, Local 99*, 506 F.3d 874, 879 (9th Cir. 2007) (internal quotation marks and citations omitted). Dave Nolan, a MEBA employee, investigated Guidry's grievance.  Guidry submitted no evidence that after Nolan investigated, and found evidence that Guidry's passport had been delayed for reasons untraceable to OSG, Nolan's decision to end the investigation was arbitrary, discriminatory, or in bad faith. Therefore, in the absence of any evidence that gives rise to a genuine issue of fact, summary judgment was properly granted to MEBA.

**AFFIRMED**.